**F I L E D**

**UNITED STATES COURT OF APPEALS**

**March 27, 2007**

**FOR THE TENTH CIRCUIT**

NORMA J. ALEXANDER,

      Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE,[*]
Commissioner of Social Security
Administration,

      Defendant-Appellee.

No. 05-5015
(D.C. No. 00-CV-918-M)
(N.D. Okla.)

**ORDER AND JUDGMENT**[**]

Before **O'BRIEN**, **HOLLOWAY**, and **BALDOCK**, Circuit Judges.

Plaintiff-appellant Norma J. Alexander brought an action against the Social

Security Administration and, after prevailing in this court on direct appeal, was

awarded attorney's fees in the amount of $11,214.60 for the underlying action

---

[*]     Pursuant to Fed. R. App. P. 43(c)(2), Michael J. Astrue is substituted for Jo Anne B. Barnhart as appellee in this action.

[**]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

under 28 U.S.C. § 2412(d)(1)(A), a section of the Equal Access to Justice Act (EAJA). Ms. Alexander then filed a fee application to recoup the fees and costs associated with the initial EAJA fee application. The magistrate judge, who had presided over the underlying litigation with the consent of the parties, awarded only a portion of the attorney's fees, reducing the amount of fees requested from $3,054.50 to $1,192.00. Ms. Alexander appeals that part of the magistrate judge's order reducing the amount of fees requested. Because the magistrate judge did not abuse his discretion, we affirm.

In general, private parties who prevail in litigation against the United States are to be awarded reasonable fees and other expenses by the district court "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). There is no question in this case about the rate charged by Ms. Alexander's counsel, the lack of justification for the government's position, or the absence of special circumstances; the dispute is solely about the size of the award.

"A decision regarding whether attorney fees and costs should be awarded under the EAJA will be reversed only for abuse of discretion." *Van Dinh v. Reno*, 197 F.3d 427, 430 (10th Cir. 1999). The district court is required to provide a clear and concise explanation of a fee award in order to facilitate review on appeal. *Case v. Unified Sch. Dist.,* 157 F.3d 1243, 1249 (10th Cir. 1998). We will reverse "only if we find a complete absence of a reasonable basis and are

certain that the district court's decision was wrong." *Floyd v. Ortiz*, 300 F.3d 1223, 1227 (10th Cir. 2002).

> We customarily defer to the district court's judgment because an appellate court is not well suited to assess the course of litigation and the quality of counsel. The district court saw the attorneys' work first hand, and has far better means of knowing what is just and reasonable than an appellate court.

*Case*, 157 F.3d at 1249 (quotations and citations omitted). The Supreme Court has emphasized that "it is appropriate to allow the district court discretion to determine the amount of a fee award, given its 'superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters.'" *Comm'r, INS v. Jean*, 496 U.S. 154, 161 (1990) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)).

Work expended in the preparation and defense of a fee application is compensable under EAJA. *See id.*, 496 U.S. at 162. Specifically regarding a fee award for work on a prior fee proceeding, we have said that, "[o]nly in extraordinary circumstances [will we] disturb a district judge's exercise of his discretion in awarding or denying fees for establishing fees." *Mares v. Credit Bureau*, 801 F.2d 1197, 1206 (10th Cir. 1986). This court, however, has recognized a difference "between time necessary to prepare and submit an application for fees, and hours spent disputing a fee award. The latter are especially suspect, and may be disallowed in their entirety." *Id.*

In this case, Ms. Alexander requested fees for 20.5 hours of work totaling $3,054.50, or, as the magistrate judge noted, an amount equal to "approximately 27% of the hours [] spent on the original case." Order at 2 (Aplt. Opening Br. Attach. P). The court found that the total of ten hours spent by Ms. Alexander's counsel in studying the cases cited by defendant and an additional ten hours "'finishing'" his brief was unreasonable. *Id.* at 3. As support for that conclusion, the magistrate judge noted

> at this point in the litigation Plaintiff's counsel was fully immersed in this case and already familiar with Defendant's argument in disputing a fee award. Defendant raised no new factual or legal issues and counsel had only to present justification for having spent the number of hours he claimed on specific tasks in his fee request.

*Id.* at 4. The court thus reduced the fee award to an amount equal to one workday of eight hours, or $1,192.00. We do not view this conclusion to be an abuse of discretion.

Ms. Alexander's arguments to the contrary are not persuasive. Ms. Alexander takes issue with the magistrate judge's citation to a Sixth Circuit case, *Coulter v. Tennessee*, 805 F.2d 146 (6th Cir. 1986), which the judge referred to as "instructive." *Coulter* held that hours spent in litigating an attorney fee case "should not exceed 3% of the hours in the main case when the issue is submitted on the papers without a trial and should not exceed 5% of the hours in the main case when a trial is necessary." *Id.* at 151. The magistrate judge, however, did

not strictly apply *Coulter*. Instead, he awarded Ms. Alexander fees for eight hours of work, an amount approximately equal to ten percent of the hours spent in litigating this case in the district court and on appeal. While this court has not established bright-line rules like those articulated in *Coulter*, the magistrate judge's use of the case as guidance was not an abuse of discretion.

Ms. Alexander next argues that defendant, in response to the initial EAJA petition, cited four cases "not often seen in Social Security litigation . . . that were not available on the Westlaw Social Security service, and with which counsel was not familiar," Aplt. Opening Br. at 31, thus requiring time for thorough examination and efforts to distinguish. We note that all of the cases referred to were older cases from federal circuit courts, and presumably available on the general Westlaw database (or even in books) at the time Ms. Alexander's response was prepared. Further, two of those cases discussed fairly routine concepts in the world of EAJA fee litigation. *See ACLU v. Barnes*, 168 F.3d 423 (11th Cir. 1999) (detailing adjustment to award due to attorney's lack of billing judgment, non-litigation related work, unnecessary expenses etc.); *Cooper v. United States R.R. Ret. Bd.*, 24 F.3d 1414 (D.C. Cir. 1994) (examining justification of government's position and reducing excessive fee). The other two cases involved routine issues along with issues not particularly on point and easily distinguishable. *See Grendel's Den, Inc. v. Larkin*, 749 F.2d 945 (1st Cir. 1984) (reducing excessive fees and examining liability of liquor commission for

fees); *Okla. Aerotronics, Inc. v. United States*, 943 F.2d 1344 (D.C. Cir. 1991) (dealing with interest on fees and compensation for delay). Therefore, defendant's opposition to Ms. Alexander's initial fee request was not unreasonable and should not have unduly increased the amount of time she needed to respond beyond the eight hours awarded by the magistrate judge.

As for the magistrate judge's reference to the amount of fees awarded for the underlying litigation as "on the high end," and his erroneous belief that, in that prior fee award the court had expressed its reluctance to order the full amount requested, we do not find this a basis for reversal. The reasons cited by the magistrate judge, irrespective of these two references, amply support the second fee award.

Finally, contrary to Ms. Alexander's contention that the magistrate judge failed to provide enough reasoning to allow us an adequate basis for review, the judge clearly explained his reasons for discounting the amount of the fee request, and we have had no trouble following his logic. *See Case,* 157 F.3d at 1249.

The judgment of the district court is AFFIRMED.

Entered for the Court


Terrence L. O'Brien
Circuit Judge

-6-